UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYLE FERDINAND HUMPHREY,<br><br>        Petitioner,<br><br>  vs.<br><br>STEVE SINCLAIR,<br><br>        Respondent. | NO.  CV-09-321-EFS<br><br>**ORDER DENYING PETITION** |

BEFORE THE COURT is Petitioner Lyle Ferdinand Humphrey's Petition for Writ of Habeas Corpus. (Ct. Rec. 1.) Petitioner, a prisoner at the Washington State Penitentiary in Walla Walla, is proceeding pro se and has paid the $5.00 filing fee; Respondent was served on November 13, 2009.

Petitioner challenges his sentence for second-degree assault. Petitioner was convicted in 2006 in Spokane County Superior Court and sentenced to life without the possibility of early release. As grounds for federal habeas relief, Petitioner asserts: (1) erroneous self-defense instruction; and (2) admission of inadmissible evidence.

Habeas corpus petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). The limitations period begins to run at the later of "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking

1

such review." *Id.* A judgment becomes final after "the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files a petition" runs out. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). A petitioner has ninety days after the highest state court's judgment to file a petition for a writ of certiorari. Sup. Ct. R. 13.

The Washington Supreme Court denied Mr. Humphrey's petition for review on March 4, 2008. (Ct. Rec. 29 Ex. 8.) Mr. Humphrey claims that the final date of the mandate was October 23, 2008, and he did not receive a copy until after that. However, according to the copy of the mandate that Mr. Humphrey submitted along with his most recent letter (Ct. Rec. 30), October 23, 2008 was the date of the mandate from the Washington Court of Appeals after remand from the Washington Supreme Court. It is undisputed that the judgment became final ninety days after the Washington Supreme Court's order denying review, or on June 3, 2008. Therefore, Mr. Humphrey was required to file his petition no later than June 3, 2009. He did not do so until September 18, 2009. Therefore, his petition is time-barred.

Accordingly, **IT IS ORDERED**:

1. Mr. Humphrey's Petition for a Writ of Habeas Corpus **(Ct. Rec. 1)** is **DENIED**.

2. Mr. Humphrey's Motion to Appoint Counsel **(Ct. Rec. 27)** is **DENIED as moot**.

3. The Clerk of the Court is **DIRECTED** to **ENTER** Judgment in Respondent's favor.

4. The Clerk of the Court is **DIRECTED** to close this file.

2

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Petitioner.

**DATED** this         22nd         day of February 2010.


                              S/ Edward F. Shea
                            EDWARD F. SHEA
                      UNITED STATES DISTRICT JUDGE

Q:\Civil\2009\321.deny.wpd

3